IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Case No. 1:14-cv-00969

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

DAVID W. CRILLEY; LYNN RACHAEL
CRILLEY; ROWDY W. ROTH; THE
RESIDENCES AT WILD WOOD FARM
HOMEOWNERS ASSOCIATION;
LARIMER COUNTY, COLORADO; and
PROFESSIONAL FINANCE COMPANY,
INC.,

      Defendants.

---

## ORDER OF SALE

---

      On December 8, 2014, the Court entered judgment in favor of the United States and ordered foreclosure of the United States' tax liens against certain real property (the "Subject Property") owned by David W. Crilley.  The Subject Property is commonly referred to as "2901 Ninebark Drive, Fort Collins, Colorado 80528," and more particularly described as follows:

      Lot 55, Wild Wood Farm, 2nd Filing Pud Ftc
      County of Larimer, State of Colorado.

      Parcel Number: 86051-07-055.

      The Court enters this Order of Sale pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403.

1

Accordingly, IT IS HEREBY ORDERED as follows:

1.      The United States Marshal for the District of Colorado or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") shall offer the Subject Property for public sale and shall sell the Subject Property, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.  The United States may choose either the U.S. Marshal or PALS to carry out the sale under this Order.  This Order of Sale acts as a special writ of execution; no further order or process is necessary to conduct the sale.

2.      The U.S. Marshall or PALS shall have complete access to the Subject Property and take all actions required to preserve it, including but not limited to retaining a locksmith or other person to change or install locks or other security devices on any part of the premises, until the Subject Property's deed is delivered to the ultimate purchaser.

3.      The sale's terms and conditions are the following:

        a.      Except as this Order otherwise states, the sale shall be by public auction to the highest bidder, free of all liens and interests.

        b.      The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the premises, and to any easements or other restrictions of record.

        c.      The sale shall be held either at the Larimer County Justice Center, on the Subject Property's premises, or at any other place, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time that the U.S. Marshal or PALS announces.

2

d.      Notice of the sale shall be published once a week for at least four consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Larimer County, Colorado, and, at the U.S. Marshal's or PALS' discretion, by any other notice deemed appropriate.  (State and local law regarding notice requirements and redemption rights do not apply to these sales under federal law.)  The notice shall contain a description of the Subject Property and this Order's terms and conditions of sale.

e.      The Internal Revenue Service will set the minimum bid.  If no bid meets or exceeds the minimum bid, the U.S. Marshal or PALS may, without further Court permission and under this Order's terms, hold a new public sale and reduce the minimum bid or sell to the highest bidder.

f.      At the time of sale, bidders must deposit with the U.S. Marshal or PALS a minimum of 10% of the bid, made by certified or cashier's check payable to the Clerk of the United States District Court for the District of Colorado.  Before being permitted to place a bid, bidders shall present to the U.S. Marshal or PALS proof of compliance with this requirement.  The United States may bid as a credit against its judgment without tendering cash.

g.      The successful bidder shall pay the balance of the Subject Property's purchase price (in excess of the tendered deposit) to the U.S. Marshal or PALS within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the Clerk of the United States District Court for the District of Colorado.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to cover the sale's expenses, including commissions due

3

under 28 U.S.C. § 1921(c).  Any amount of the deposit remaining shall be

distributed by the Clerk in the order of preference set forth in paragraph 8 of this

Order.  The U.S. Marshal or PALS again shall offer the Subject Property for sale

under this Order's terms, or in the alternative, sell the Subject Property to the

second highest bidder.

      h.     The Subject Property's sale shall not be final until this Court

confirms the sale.  The U.S. Marshal or PALS shall file a report of sale with the

Court within 30 days of receipt of the purchase price balance.

      i.     Upon the sale's confirmation, the U.S. Marshal or PALS shall

execute and deliver a deed of judicial sale conveying the Subject Property to the

purchaser.

      j.     Upon the sale's confirmation, the interests of, liens against, or

claims to the Subject Property held or asserted by the United States and any

other parties to this action, including those parties' successors in interest and

transferees, shall be discharged and extinguished.

      k.     Upon the sale's confirmation, the purchaser shall have the Larimer

County Clerk and Recorder reflect transfer of the Subject Property on Larimer

County's register of title.

      l.     The Subject Property's sale is ordered pursuant to 28 U.S.C. §

2001, and is made without right of redemption.

      4.     Until the Subject Property is sold, David W. Crilley shall take all

reasonable steps necessary to preserve the Subject Property (including all buildings,

improvements, fixtures, and appurtenances on the property) in its current condition,

4

including but not limited to maintaining a fire and casualty insurance policy on the
Subject Property.  David W. Crilley shall not (i) commit waste against the Subject
Property or cause or permit anyone else to do so; or (ii) record any instruments, publish
any notice, or take any other action that may directly or indirectly reduce the Subject
Property's value or marketability or discourage potential bidders from participating in the
public sale, or cause or permit anyone else to do so.  Violation of this paragraph will
constitute, and be punishable as, contempt of Court.  Should David W. Crilley fail to
comply with this paragraph's directives, other Defendants in this case who have a
recognized property interest in the Subject Property may take steps to protect it by
agreement or, if they cannot reach agreement, by seeking further Court order.

     5.    All persons occupying the Subject Property shall vacate it permanently
within 40 days of the date of this Order, each taking his or her personal property (but
leaving all improvements, buildings, fixtures, and appurtenances).  If any person fails or
refuses to vacate the Subject Property by the time specified in this Order, the U.S.
Marshal is authorized to take whatever action appropriate to remove such person from
the premises (whether the U.S. Marshal or PALS is conducting the sale).  If any person
fails or refuses to remove his or her personal property from the Subject Property by the
time specified in this Order, the personal property remaining at the Subject Property
shall be forfeited and abandoned.  The U.S. Marshal or PALS is authorized to remove it
and dispose of it in any appropriate manner, including sale.  Any such sale's proceeds
should be applied first to the sale's expenses and then paid into the Court for further
distribution.

6.      Notwithstanding paragraph 5, if after the Court confirms the Subject Property's sale, the Subject Property remains occupied, the purchaser may, without further notice, obtain a writ of assistance from the Clerk of Court.

7.      If his address changes, David W. Crilley shall file a forwarding address with the Court within 30 days of any such change, and serve a copy of same on the United States and all other parties to this litigation.  If David W. Crilley, or any other person occupying the Subject Property, vacates the Subject Property prior to the deadline set forth in paragraph 5, such person shall notify counsel for the United States no later than 2 business days prior to vacating by calling Charles Butler at 202-514-6062 or emailing him at Charles.J.Butler@usdoj.gov.

8.      The proceeds arising from sale shall be paid to the Clerk of this Court. The Clerk shall disburse the funds in the following order of preference, to which the parties have stipulated and which the Court has ordered, until these expenses and liens are satisfied or the proceeds exhausted:

a.      First, to the U.S. Marshal or PALS (whichever conducted the sale as arranged by the United States) for the costs of the sale, including any commissions due under 28 U.S.C. § 1921(c) and any expenses for securing or maintaining the Subject Property prior to confirmation of sale.

b.      Second, to Larimer County, Colorado, for any unpaid real property taxes due and owing at the time of sale, including statutory accruals and interest, less any payments or credits.

c.      Third, to Rowdy W. Roth, as holder of Tax Lien Sale Certificates of Purchase for county property taxes assessed against David W. Crilley for 2006 through 2012, totaling (as of May 14, 2014) $18,476.34.

d.      Fourth, to Lynn R. Crilley, the beneficiary of two judgments against David W. Crilley for unpaid child support and child expense obligations totaling $44,084.39, excluding interest.

e.      Fifth, to the United States for the federal tax debts of David W. Crilley for the years 2000 through 2005, including all accrued statutory penalties, additions, and interest, until the proceeds are exhausted or the liabilities fully paid.

f.      Sixth, to Wild Wood Farm Homeowners Association for unpaid homeowners' association fees owed by David W. Crilley totaling (as of May 14, 2014) $2,284.00.

Dated:  December 8, 2014December 8, 2014

BY THE COURT:


/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE